Graciela GOMEZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–76431.

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 3, 2007 *.

Filed Dec. 28, 2007.

Graciela Gomez, Inglewood, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM **

Graciela Gomez, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals dismissing her appeal from the immigration judge's denial of her application for cancellation of removal based on petitioner's failure to establish the requisite exceptional and extremely unusual hardship to a qualifying United States citizen relative, namely, petitioner's son Juan. Petitioner contends that her due process rights were violated: when the IJ failed to admit the testimony of a psychologist concerning the effect on Juan of petitioner's removal; when the IJ and BIA failed to follow the case law in denying her cancellation application; and when the IJ failed to consider the factors of petitioner's continuous residence and good moral character.

Petitioner fails to state a colorable due process claim. Contrary to petitioner's assertion, in making its hardship determination, the IJ did indeed consider the psychologist's report, and concluded that even in its "best light" the report did not establish the requisite level of hardship. A difference of opinion as to the weight a piece of evidence should be given is not a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir., 2005). A disagreement with the BIA's application of the legal standards to the facts of petitioner's case is not a colorable due process claim. *See id.* Finally, there is no requirement that the agency analyze non-dispositive matters. *See INS v. Bagamasbad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976) (per curiam).

**PETITION FOR REVIEW DISMISSED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.